UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALICE MIKELSEN, *et al.*,

    Plaintiffs,

v.

AIR & LIQUID SYSTEMS CORPORATION, *et al.*,

    Defendants.

NO. C17-0700RSL

ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT REGARDING AFFIRMATIVE DEFENSES

This matter comes before the Court on "Plaintiffs' Motion for Summary Judgment on Defendant Warren Pumps LLC's Affirmative Defenses." Dkt. # 86. Plaintiffs' decedent, Arthur Mikelsen, worked at the Puget Sound Naval Shipyard from approximately 1942 to 1980, except for two years during World War II when he enlisted in the Army. Plaintiffs allege that defendant Warren Pumps manufactured pumps that contained asbestos and that Mr. Mikelsen was exposed to its products - and the asbestos contained therein - while working in the shipyard machine shop. Mr. Mikelsen developed mesothelioma, an asbestos-related disease, and died in 2014. Plaintiffs assert that Warren Pumps is liable for Mr. Mikelsen's death and the plaintiffs' injuries because it put into the stream of commerce products that were negligently designed, were not reasonably safe as manufactured, and were not reasonably safe for lack of warnings. Plaintiffs

ORDER GRANTING IN PART MOTION
FOR SUMMARY JUDGMENT REGARDING
AFFIRMATIVE DEFENSES - 1

also assert that Warren Pumps is liable because it failed to reasonably inspect, test, warn, instruct, monitor, and/or recall the products. Warren Pumps asserted a number of affirmative defenses, six of which are at issue in this motion. Plaintiffs seek summary judgment on defendant's failure to mitigate, contributory negligence, assumption of risk, sophisticated purchaser, intervening/superceding cause, and government contractor defenses.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other

ORDER GRANTING IN PART MOTION
FOR SUMMARY JUDGMENT REGARDING
AFFIRMATIVE DEFENSES - 2

words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to defendant, the Court finds as follows:

**A. Failure to Mitigate**

Warren Pumps does not oppose plaintiffs' motion with regards to an alleged failure to mitigate.

**B. Contributory Negligence and Assumption of Risk**

Warren Pumps argues that there is sufficient evidence "to raise an issue of fact that Mr. Mikelsen knew, or should have known, that asbestos was hazardous[] and disregarded protocols designed to reduce that risk." Dkt. # 101 at 8. No citation to the record is provided, and the Court is unaware of any evidence that Mr. Mikelsen knew or had reason to know of the risks posed by asbestos-containing products in the workplace. Warren Pumps has taken the position in this litigation that it, the manufacturer, was unaware of the dangers of asbestos until decades after Mr. Mikelsen began working in the machine shop. The shop superintendent, who began working at the shipyard in 1940, was unaware of any asbestos-related safety protocols until the early 1970s. Warren Pumps makes no attempt to explain how Mr. Mikelsen would have known or should have known what the manufacturer of the products and his superintendent did not.

In the absence of any evidence of comparative fault on Mr. Mikelsen's part, Warren

---

[1] This matter can be decided on the papers submitted. The parties' requests for oral argument are DENIED.

ORDER GRANTING IN PART MOTION
FOR SUMMARY JUDGMENT REGARDING
AFFIRMATIVE DEFENSES - 3

Pumps offers evidence that his employer, the United States Navy, knew of the potential hazards of asbestos throughout Mr. Mikelsen's tenure and argues that the employer's knowledge should be imputed to the employee. No cases or other authority are provided in support of this argument, and the Court finds it untenable. One who is unaware of a hazard does not assume the risk of injury or otherwise act unreasonably simply because a third party has knowledge of the risk. Unless Warren Pumps can show that Mr. Mikelsen was aware of the dangers of the asbestos to which he was exposed or that he knew of but ignored warnings and safety protocols, it cannot succeed on its comparative negligence and assumption of risk defenses. Having failed to produce any such evidence, these defenses are properly dismissed at this stage of the proceeding.

**C. Sophisticated Purchaser**

> Warren Pumps' eleventh affirmative defense reads:
>
> Decedent Arthur Mikelsen was employed by knowledgeable and sophisticated employers, and any alleged duty Warren may have had to warn Decedent of any potential risks incident to use of Warren products, which duty is denied, was discharged by all said employers' intervening duty to give any required warnings.

Dkt. # 17-1 at 137. Although Warren Pumps recites the law regarding the duty to warn a sophisticated end user of a product, it does not argue or provide any evidence that Mr. Mikelsen was himself sophisticated regarding the hazards of the product at issue. Rather, Warren Pumps argues that his employer, the United States Navy, was a sophisticated purchaser and acted as an intermediary between Warren Pumps and Mr. Mikelsen. Defendant asserts that the Navy knew of the hazards of asbestos since the 1920s and had developed protocols for protecting naval shipyard workers, that Mr. Mikelsen was a trained machinist working in the shipyard, and that it

was therefore "reasonable for Warren to conclude that [the] Navy would adhere to those protocols and train machinists, such as Mr. Mikelsen, to protect themselves from exposure to those products." Dkt. # 101 at 7.

For purposes of this motion, the Court assumes that the sophisticated purchaser defense is available in the context of asbestos-related injuries under both Washington and maritime law.[2] The defense applies, however, only where the manufacturer has supplied to the employer all the information necessary to make its product safe for use by the end user and has "reasonable assurance that the information will reach those whose safety depends upon their having it." Restatement (Second) of Torts, § 388, comment n (1965). In the asbestos context, courts have generally found "that a defendant manufacturer's passive reliance on the employer to provide warnings is insufficient to trigger the sophisticated purchaser defense." Cabasug v. Crane Co.,

---

[2] As recently summarized by the Honorable James L. Robart:

Washington case law on the sophisticated purchaser or learned intermediary doctrine centers almost exclusively on the pharmaceutical context. See Taylor v. Intuitive Surgical, Inc., [187 Wn.2d 743, 757-58 (2017)]. But Washington courts have recognized a variant of the sophisticated purchaser doctrine in toxic tort claims, where a manufacturer or supplier of the products alleged to have caused the plaintiff's injuries warns the plaintiff's intermediary or employer of the products' dangerous propensities. See, e.g., Reed v. Pennwalt Corp., [22 Wn. App. 718 (1979)]. In Reed, the Washington Court of Appeals held that a caustic soda manufacturer was not required to warn the employees of a food processing plant of the product's hazards; the manufacturer fulfilled its duty by warning the plaintiff's employer, which purchased the soda and had exclusive control over its use in the plant. Id. at [724-25]. As the Reed court explained, such limitations on manufacturer liability "[are] particularly appropriate when...the intermediate buyer is a large industrial concern with its own safety programs and method of product distribution and where the manufacturer may have no effective means of communicating the warnings to the ultimate user." Id. at [724].

Jack v. Borg-Warner Morse Tec, LLC, C17-0537JLR, 2018 WL 4409800 at *27 (W.D. Wash. Sept. 17, 2018).

ORDER GRANTING IN PART MOTION
FOR SUMMARY JUDGMENT REGARDING
AFFIRMATIVE DEFENSES - 5

988 F. Supp.2d 1216, 1227 (D. Haw. 2013) (collecting cases). Having reviewed the record in this matter, the Court adopts the holding in Cabasug:

> [A]lthough Defendant[ has] presented reams of evidence regarding the Navy's knowledge of the dangers of asbestos, [it has] presented no evidence that Defendant[] (1) provided any warnings to the Navy regarding asbestos; (2) determined the Navy's knowledge of the dangers of asbestos; or (3) determined or otherwise reasonably concluded that the Navy would provide warnings to its employees regarding the dangers of asbestos. In other words, there is no evidence that Defendants were aware of the Navy's knowledge of the dangers of asbestos, or had any basis to form the reasonable belief that the Navy would take affirmative steps to warn its employees. Given the complete lack of evidence suggesting that Defendants reasonably relied on the Navy, the court finds that Defendants cannot establish the sophisticated purchaser defense.

988 F. Supp. 2d at 1228.

**D. Intervening or Superceding Cause**

Warren Pumps asserts that the Navy and/or other manufacturers of asbestos containing products failed to warn or protect Mr. Mikelsen and that such failures were the superceding cause of any injuries he suffered. To absolve Warren Pumps of liability for its own negligence, the intervening negligence must "be so extraordinary or unexpected that it falls outside the realm of reasonably foreseeable events" (Hoglund v. Raymark Indus., Inc., 50 Wn. App. 360, 371 (1987)), it must operate independently of the negligence of the original tortfeasor (Campbell v. ITE Imperial Corp., 107 Wn.2d 807, 813 (1987)), and it must produce a "harm different in kind from that which would otherwise have resulted from the actor's negligence" (Stolt Achievement, Ltd. v. Dredge B.E. LINDHOLM, 447 F.3d 60, 368 n.25 (5th Cir. 2006)). Warren Pumps has not shown that any of these elements is satisfied. The fact that an employer did not deconstruct and

test each component of a product purchased for use in the workplace in order to generate its own warning labels and safety protocols was neither extraordinary nor unexpected.[3] Even if one could debate the foreseeability of the Navy's conduct, the alleged negligence of Warren Pumps, the other manufacturers, and the Navy are all of the same kind (a failure to warn shipyard employees of the hazards of asbestos exposure) and caused the same injury (asbestos inhalation and disease). That Mr. Mikelsen's mesothelioma may have had more than one proximate cause (or more than one substantial contributing factor) does not mean that the concurrent negligence of third parties intervened in such a way that it broke the chain of causation between Warren Pumps' actions and Mr. Mikelsen's injury. If plaintiffs are able to establish causation, no reasonable juror could find that the potentially contributory negligence of the Navy or other manufacturers superceded Warren Pumps' alleged conduct as the cause of Mr. Mikelsen's mesothelioma.

**E. Government Contractor Immunity**

Warren Pumps argues that, as a supplier of military equipment, it is immune from liability for alleged defects in the design or manufacture of the equipment under the "government contractor" defense.

The government contractor defense is by now an established component of federal common law, but it was first recognized by the Supreme Court [thirty] years ago in Boyle v. United Techs. Corp., 487 U.S. 500 [] (1988). The defense is

---

[3] In Little v. PPG Indus., Inc., 19 Wn. App. 812, 825 (1978), the manufacturer appropriately labeled its product, sent a notice to the decedent's employer regarding two separate injuries arising from use of its product, and provided a recommendation regarding how to use the product safely. None of this information was passed on to the employees. In those circumstances - which have no relationship to the facts of this case - the employer's conduct in failing to communicate the manufacturer's warnings to the users of the product may have been unforeseeable and unexpected.

ORDER GRANTING IN PART MOTION
FOR SUMMARY JUDGMENT REGARDING
AFFIRMATIVE DEFENSES - 7

> intended to implement and protect the discretionary function exception of the
> Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(a), which was enacted after
> World War II. The defense allows a contractor-defendant to receive the benefits of
> sovereign immunity when a contractor complies with the specifications of a federal
> government contract. Boyle, 487 U.S. at 511–12 []. As the Court said in Boyle,
> "[i]t makes little sense to insulate the Government against financial liability for the
> judgment that ... equipment is necessary when the Government produces the
> equipment itself, but not when it contracts for the production." Id. at 512 [].

In re Hanford Nuclear Reservation Litig., 534 F.3d 986, 1000 (9th Cir. 2008). A private party claiming the benefits of the government's sovereign immunity must show that "(1) the United States set forth reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier provided the United States with adequate warnings of the dangers." Rodriguez v. Lockheed Martin Corp., 627 F.3d 1259, 1266 (9th Cir. 2010) (internal quotation marks omitted). The general theory is that where the government hires a company to produce a piece of equipment and specifies the manner in which that task is to be performed, the company is entitled to the same immunity from liability that the government would enjoy because it was acting as an arm of the government, without independent discretion. Bixby v. KBR, Inc., 748 F. Supp.2d 1224, 1242 (D. Or. 2010).

In the context of Warren Pumps' motion for summary judgment, the Court found that it had not proven, as a matter of law, that the Navy had reasonably precise specifications requiring the use of asbestos in Warren Pumps' products or precluding the warnings and labeling that would otherwise be required by state law. The question here is whether Warren Pumps has raised a genuine issue of fact regarding the existence of those specifications. Warren Pumps offers the following opinions of its expert, Rear Admiral David P. Sargent, Jr. (Ret.) to support

ORDER GRANTING IN PART MOTION
FOR SUMMARY JUDGMENT REGARDING
AFFIRMATIVE DEFENSES - 8

its government contractor defense:

- that "[t]he U.S. Navy, not original equipment manufacturers, specified in detail the content and technical details of all gaskets, packing materials, and insulation to be used in all U.S. Navy shipboard equipment for both original and replacement applications" (Dkt. # 102-5 at 33);
- that these "specifications were communicated to vendors such as Warren Pumps when Navy . . . issued Invitation for Bids/Request for Proposals for the manufacture or supply of certain equipment, products and materials" (Dkt. # 102-5 at 34); and
- that "OEMs[] such as Warren Pumps would not have been permitted, under the specifications, associated regulations and procedures, nor under the actual practice as it evolved in the field, to vary or to deviate in any respect from the Navy specifications in supplying equipment, including affixing any type of warning or caution statement to equipment intended for installation in a Navy ship, beyond those specifically required by the Navy without prior discussion and express approval by the Navy" (Dkt. # 102-5 at 35).

Rear Admiral Sargent does not identify any particular specification, regulation, or procedure that required Warren Pumps to use asbestos in its products or that precluded it from providing warnings in the instructions or labels on the equipment. Plaintiffs have not challenged the admissibility of this evidence, however, instead simply choosing to ignore its existence. See Dkt. # 86 at 19 (declaring that "[t]here is no indication that asbestos-related warnings would have been rejected"); Dkt. # 111 at 10 (asserting that the government contractor defense relies on "the existence of military specifications and the fact that the Navy bought products from Warren").

ORDER GRANTING IN PART MOTION
FOR SUMMARY JUDGMENT REGARDING
AFFIRMATIVE DEFENSES - 9

The Court is not free to ignore evidence at the summary judgment stage. Assuming the expert testimony on these points is admissible, there is a disputed issue of fact regarding whether the Navy's specifications and regulations precluded Warren Pumps from satisfying its state law duties regarding design and warnings.

For all of the foregoing reasons, plaintiffs' motion for summary judgment regarding certain affirmative defenses is GRANTED in part. Warren Pumps' failure to mitigate, contributory negligence, assumption of risk, sophisticated purchaser, and intervening/superceding cause defenses are hereby DISMISSED. Whether the government contractor defense applies cannot be resolved as a matter of law on the current record.

Dated this 9th day of October, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION
FOR SUMMARY JUDGMENT REGARDING
AFFIRMATIVE DEFENSES - 10